No. 38,377

In the Matter of the Estate of Edgar R. Hawk, Deceased. (IRENE E. HAWK PHILLIPS, ERMA H. HAWK BISHOP, MEREDITH M. HAWK, IRVING B. HAWK, *Appellees*, v. J. EULALIE BEYER, and ROSCOE BEYER, as executrix and executor of said estate, *Appellants*.)

(233 P. 2d 1061)

Opinion filed July 3, 1951.

*J. W. Lowry*, of Atchison, argued the cause, and *Steadman Ball* and *Edmund L. Page*, both of Atchison, were with him on the briefs for the appellants.

*Maurice P. O'Keefe*, of Atchison, argued the cause, and *Karl W. Root* and *Dolan McKelvy*, both of Atchison, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from a judgment of the district court reversing action of the probate court of Atchison county in approving the final accounting of executors and directing such fiduciaries to account for certain funds found to be assets of an estate.

The dispute between the parties is over property belonging to Edgar R. Hawk in his lifetime, who died on March 16, 1947, leaving a last will and testament which was admitted to probate on March 27, 1947, in the probate court of Atchison county. By the terms of his will, the deceased left his property, with one minor exception, to his sons and daughters in equal shares. J. Eulalie Beyer, one of his daughters, and, her husband, Roscoe Beyer, the appellants herein, were named in the will of the decedent as executors of his

estate and were appointed by the probate court to serve in that capacity. It is conceded that immediately prior to his death decedent had a savings account on deposit in the Denison State Bank at Holton in the amount of $687.11 and that subsequent thereto the executors drew the amount on deposit in the account from the bank and placed it in their own personal account under a claim that just a few days before his death the deceased father had made a gift of the savings account to Eulalie, his daughter. Shortly after their appointment the executors filed an inventory which did not mention or list the amount of the savings account as an asset of the estate. Subsequently, the executors filed an intermediate accounting and a petition for additional time in which to settle the estate. Thereupon other children of the testator countered with a petition to require an immediate closing of such estate. At a hearing on these two petitions, which were heard at the same time, all parties except Irving B. Hawk, a son of the decedent and an appellee herein, were present and/or represented by counsel. The money in controversy was not included in the intermediate accounting filed by the executors and no action was taken by anyone to require such inclusion. There is some controversy as to whether it was discussed at that hearing and the record does not disclose any action by the probate court with respect to the intermediate accounting. It does, however, reveal that at this hearing the probate court found the estate should be settled and closed in due course and that the executors were given thirty days in which to file a petition for final settlement.

Subsequently, on a date of no importance to the issues, the executors filed a petition for final settlement including a final accounting, attached to the petition, which did not include the funds in question. All parties except Irving B. Hawk were again present and/or represented by counsel at the hearing on this petition. At this hearing, and on September 24, 1948, the probate court approved the final account as made by the executors.

On October 25, 1948, Irene E. Hawk Phillips, one of the heirs and devisees of the decedent, filed notice of, and perfected, an appeal from the order and judgment of the probate court allowing the final account of the executors. The executors moved to dismiss this appeal when it reached the district court upon the specific ground it was not filed within the time prescribed by statute and therefore gave the district court no jurisdiction of the matters and

things therein involved. This motion was argued in district court and overruled.

Following the overruling of the motion to dismiss the appeal the cause came on for trial in district court without any additional pleadings. However, prior to commencement of trial the parties had stipulated the only matter in controversy between them was the savings account which was on deposit in the Denison State Bank at the time of the testator's death. Thereupon the court proceeded to try the cause. During the course of the trial the parties adduced evidence in support of their respective positions and it is clear from the record, although there is disagreement as to when the ruling was made, the trial court ruled that the burden of proof was on the fiduciaries to sustain their position their final account as filed in probate court should be allowed and approved. After consideration of all evidence adduced by the parties and arguments of their counsel the district court, as heretofore indicated, found that the final account, filed by the fiduciaries in probate court should not be approved and directed that they account as such fiduciaries for the further sum of $687.11 the exact amount of the savings account in question. It then rendered judgment accordingly. A motion for new trial was filed and overruled. Thereupon the executors perfected this appeal and, under proper specifications of error, seek to reverse the judgment of the district court on grounds which will now be considered and determined.

The first claim advanced by appellants is that the trial court erred in overruling their motion to dismiss the appeal. It is based on the fact the thirtieth day after the decision approving the final account was rendered was a Sunday and that the appeal was not filed until Monday, October 25, 1948, which was the thirty-first day, after the rendition of such decision.

In support of their position on this point appellants direct our attention to G. S. 1949, 59-2404, providing that an appeal from an order or judgment, such as is here involved, may be taken from probate to district court within thirty days after its rendition by a person aggrieved and insist that since the probate code contains no express provision relating to the computation of time for the taking of such an appeal when the last day of the thirty day period falls on Sunday such day is not to be excluded, hence the appeal was not taken by appellees within the time required by its terms and the district court acquired no jurisdiction. They then rely on our

recent decision of *In re Estate of Fast,* 170 Kan. 352, 225 P. 2d 1056, wherein we held (1) the probate code fixes its own procedure and (2) the code of civil procedure pertaining to the filing of pleadings in civil actions in the district court has no application to the filing of pleadings to a demand against an estate in the probate court and, outlining their position by specific reference to what was there held, state "our facts here are different but our argument is exactly that—that the Code of Civil Procedure has no application."

Conceding the probate code as enacted in 1939, or as subsequently amended, contains no express provisions of the character referred to by appellants and giving the decision relied on by them exactly the same force and effect they give it, we are nevertheless constrained to hold appellant's position on this particular point cannot be upheld. Some four years after such code became effective the legislature enacted chapter 216 of the Laws of 1943. The first section of this Act amended a section of our statute (G. S. 1935, 60-3819) then and now a part of our code of civil procedure. The second section dealt with computation of time generally and contained the following language:

"Sec. 2. That where any law of this state or any rule or regulation lawfully promulgated thereunder prescribes the time within which an act is to be done, if not otherwise specifically provided, the time within which such act is to be done shall be computed by excluding the first day and including the last; if the last day be Sunday or a statutory holiday, it shall be excluded: *Provided:* That if the time within which an act is to be done is one week or less, Sundays and statutory holidays shall be excluded."

Resort to the title of the Act reveals the subject is computation of time generally, applicable to all situations. The mere fact that in the Act the legislature saw fit to amend a section of the code of civil procedure does not detract from its over-all effect. Thus it appears we now have a valid statute which provides in clear and unequivocal language that where *any law of this state,* including the probate code, prescribes the time in which an act is to be done, and the last day for the performance of that act comes on Sunday, such day is to be excluded and the party seeking to perform the act in question has until the following day to perform it. The result is the notice of appeal even though it was filed on Monday, which as has been stated was thirty-one days from the date of the rendition of the probate court decision, was filed in time and the district court properly overruled the motion to dismiss the appeal.

Many of the arguments advanced by appellants in support of their claim the appeal was not perfected in time are sound in principle and would be persuasive if, as they insist, all of the provisions of chapter 216, Laws of 1943, were to be regarded as limited to proceedings coming within the purview of the code of civil procedure. The same holds true of our decision in the Fast case on which they place so much weight. The trouble is neither these arguments nor the decision relied on have any application where—as here—the scope of the statute in question, now G. S. 1949, 60-3819(a), prescribes the method and manner of computing time under any law of this state where the law in question contains no specific provision to the contrary. This we may add is true even though as must be conceded the Revisor of Statutes in arranging the material in the General Statutes for 1949 saw fit in the performance of his ministerial duties to list the second section of chapter 216, Laws of 1943, under general provisions of the code of civil procedure as section 60-3819 (a) notwithstanding its status as a general law applicable, under the conditions therein specified, to any law of the state. The clear intent and purpose of a statute as enacted by the legislature cannot be circumscribed in that manner.

Appellants next urge the appellees pursued an erroneous course in their efforts to require an accounting by an individual by appealing from an order approving an executor's accounting. We doubt that the commencement of a proceeding such as is here involved, where it is conceded that a savings account standing in the name of a testator at a bank on the date of his death was cashed and appropriated by an executor, under a claim of gift, sometime after his appointment as a fiduciary, can be regarded as an attempt on the part of the persons commencing such proceeding to compel the person who has obtained the money to account as an individual. Under such conditions it seems clear the proceeding is instituted to compel the latter to account in his fiduciary capacity. However, we need not labor the question. The short and simple answer to this claim is to be found in the provisions of G. S. 1949, 59-2401(10), which provide that an appeal to the district court may be taken from an order allowing, or refusing to allow, an accounting of a fiduciary or any part thereof. It is crystal clear from our decision *In re Estate of West*, 169 Kan. 447, 219 P. 2d 418, facts of the character here involved when asserted in either probate or district court constitute a defense to a petition for final settlement.

In connection with this point it is suggested the appellees made no defense in probate court respecting the phase of the account in controversy and that therefore they are precluded from contesting the decree of final settlement in district court. There is no merit to this suggestion even though it be assumed, which is by no means clear from the record, appellees made no objection to the order of final settlement in probate court. G. S. 1949, 59-2404, expressly provides the right of appeal from orders designated as appealable under the provisions of 59-2401, *supra*, which, as we have indicated, includes an order allowing the accounting of a fiduciary, shall not be denied nor abridged for failure of the party appealing to present his defense in the probate court. Moreover, G. S. 1949, 59-2408, makes it clear that on appeal from such an order to the district court the trial is to be *de novo* and the issues to be therein determined are not to be restricted by failure of the parties to appear, or by the evidence introduced, or the absence or insufficiency thereof, in the probate court.

The gist of the next claim relied on as a ground for reversal of the judgment is that the trial court erred in finding the savings account had not been given to one of the executors as claimed and that it was actually an asset of the testator's estate on the date of his death. We are not disposed to labor this contention. It is conceded the evidence on this subject was highly conflicting and an examination of the record reveals ample testimony to support the trial court's conclusion. In such a situation its finding in that respect will not be disturbed.

Next it is argued the trial court erred in placing the burden of proof on the executors. Under our decisions this claim cannot be upheld. See *In re Estate of Park*, 151 Kan. 447, 99 P. 2d 849, where we held:

"In making his final settlement in the probate court, the burden of proof is on the administrator of a decedent's estate to show the correctness of his final account." (Syl ¶ 1)

And at page 452 of the opinion said:

". . . As a condition to his discharge, the administrator had to establish the correctness of his account. The fact some of the heirs filed objections did not relieve him. Nor did the fact the matter was being tried on appeal alter the situation. There was no provision of the probate code in effect at the time the final account was filed in the probate court that made any ruling of that court as to its correctness prima facie evidence on an appeal to the district court. The trial in the district court is a trial *de novo*. (G. S. 1935, 22-1107;

*Darnell v. Haines*, 110 Kan. 363, 203 Pac. 712; *In re Estate of Woodworth*, 145 Kan. 870, 881, 67 P. 2d 553.) The trial court ruled correctly on the burden of proof to establish the amount. . . ."

Finally it is urged the trial court erred in refusing to admit an affidavit of appellees' former attorney on the hearing of the motion for new trial on the ground such affidavit was not filed with the clerk of the district court within the time (10 days) prescribed by G. S. 1949, 60-2835. The burden of appellants' argument on this point is that the ten days notice required by this statute applies only to affidavits to be used on trial of an action. We are inclined to agree with this contention. However, that does not mean the trial court erred in overruling the motion for a new trial or compel a reversal of its judgment. Under our repeated decisions the assertion by the trial court of a wrong reason for a correct result does not make a judgment reversible (See West's Kansas Digest, Appeal & Error, § 854). Moreover, the rule is well established (See West's Kansas Digest, Appeal & Error, § 901) that before this court will set aside a judgment of the trial court the party seeking its reversal must make it affirmatively appear there has been an error which affects his substantial rights. Examination of the affidavit in question, which this court has the same opportunity to examine as the trial court, discloses that the major portion thereof relates to the failure of the appellees to make a defense in probate court. This as we have seen, if accepted as true did not deprive appellees of the right to appeal from the order of final settlement or make their defenses thereto on appeal in the district court. At the most other portions of the affidavit can only be regarded as offered in the form of newly discovered evidence which was cumulative and impeaching in character and there is nothing about the facts as therein set forth warranting a conclusion that if they had been presented at the trial of the case on its merits they would have lead to a different result. Under such conditions we are convinced the trial court did not err in overruling the motion for a new trial and it certainly cannot be said the appellants have made it affirmatively appear the overruling of that motion, even on the ground on which it was specifically based, was such an error as affected their substantial rights.

The judgment is affirmed.