## W. H. VAN DUSEN v. THE TOPEKA WOOLEN-MILL COMPANY.

### No. 14,678.    (87 Pac. 74.)

### SYLLABUS BY THE COURT.

1. ADMINISTRATORS—*Compromise of a Claim—Condition Precedent.* An administrator has no authority to accept less than its full amount in satisfaction of a demand that accrued in the lifetime of his decedent, except by consent of the probate court. The case of *Ætna Life Ins. Co. v. Swayze, Adm'x,* 30 Kan. 118, 1 Pac. 36, followed.

2. —— *Set-off—Claim Purchased at a Discount.* In a suit by an administrator to collect a debt due to an insolvent estate a claim which accrued in the lifetime of the decedent, and which the defendant has purchased at a discount since his death, cannot be used as an offset.

3. JUDGMENTS—*Collateral Attack—Limitation of Actions.* An order of the probate court allowing a claim against the estate of a decedent is not open to a collateral attack upon the ground that the statute of limitations had run against such claim before its allowance.

Error from Shawnee district court; ALSTON W. DANA, judge. Opinion filed October 6, 1906. Reversed.

*Austin & Hungate,* for plaintiff in error.
*William F. Schoch,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: On September 26, 1898, a decree was rendered by the district court of Shawnee county declaring and marshaling a number of liens against a piece of real estate, which was ordered to be sold for their payment. Among those liens was one for $494.65, awarded to Sarah E. Weidler, as the administratrix of the estate of Wilhelm Weidler, deceased, based upon a right that had accrued in the lifetime of such decedent. Afterward the Topeka Woolen-mill Company acquired title to the real estate affected, and bought up all the liens excepting that of the Weidler estate. It claimed that it had also compromised and satisfied that one, and therefore asked that an order be made directing the sheriff, instead of selling the property, to make a conveyance to the company. Such an order was accordingly made, but as the claim that the Weidler lien had been satisfied was disputed the sheriff's deed was directed to be made, and was made, subject to whatever rights the Weidler estate might have, as should thereafter be determined. On September 9, 1903, W. H. Van Dusen, having procured from the administratrix an assignment purporting to transfer the lien to him, began a suit against the company to have it declared and enforced. Upon a trial a judgment was rendered for the defendant, from which the plaintiff prosecutes error.

The defendant in error suggests various theories upon which the decision may have been based, and, as there is nothing in the record to disclose upon which of them the trial court in fact proceeded, it will be necessary to examine each. It contends that the decree granting the administratrix a lien was not such a judgment as would support an independent action. No good ground is apparent for the contention. The decree was a final determination of the rights of the various parties, providing for a sale of the property and the disposition of the proceeds. As it originally stood there was no occasion for suing upon it, but when the court ordered that the sheriff, instead of selling the property, should deed it to the mill company subject to the disputed rights of the Weidler estate, a new action became the natural and appropriate, if not the only, means of determining the question so reserved. The statute of limitations was invoked by the defendant, perhaps because the substance of the decree of September 26, 1898, had been announced on the 6th of that month. The judgment rendered on the 26th, however, was complete in itself, and can be regarded as originating a right capable of enforcement by action. In the brief of defendant in error it is claimed that the plaintiff did not satisfactorily prove that the lien had been assigned to him by the administratrix, and oral testimony is cited as bearing on the question. No such issue was involved. A written assignment was pleaded and its execution was admitted because not denied under oath. The testimony referred to related to an entirely different matter.

The undisputed facts therefore establish a *prima facie* case for the plaintiff, and he was entitled to recover unless the evidence relied upon by the defendant, if accepted as true, showed an affirmative defense. This evidence, although contradicted in important particulars, may for present purposes be deemed to have shown this state of facts: Representatives of the mill

company entered into negotiations with the attorney of the administratrix as a result of which it was agreed that the claim against the real estate should be compromised and satisfied by the payment of $200; this sum was accordingly paid to the attorney; the administratrix took no part in the arrangement, and the probate court made no order concerning it; no release of the lien was executed then or later, the attorney of the administratrix stating that he could not get the matter fixed up at once because he could not reach his client; as security against any failure to carry out the agreement, however, he procured an assignment to be made to the mill company of a judgment for $959.89 which had been rendered against Wilhelm Weidler in his lifetime and which had been revived and allowed as a demand of the fourth class against the estate; he represented that this judgment was superior to any other claim against the estate and could be used as a set-off against the lien or judgment which the company desired to have discharged; at this time no other claim had been exhibited against the estate, but later two were presented and allowed as demands of the second class, one for $325 in favor of the attorney of the administratrix, and the other for $228 in favor of W. H. Van Dusen, the present plaintiff.

Upon these facts the defendant contends, first, that the claim against its property was extinguished, and, second, that if this is not the case then it was entitled to set off against this claim the demand against the estate which had been assigned to it. The first contention fails because the compromise, even if acquiesced in by the administratrix, could not become effective without the approval of the probate court. (*Ætna Life Ins. Co. v. Swayze, Adm'x,* 30 Kan. 118, 1 Pac. 36.) The second also fails. The estate was insolvent, the lien in question being its only asset. The mill company could not avoid the payment of the debt it owed to the administratrix by buying at a discount after the death

of the decedent a claim against his estate which accrued in his lifetime. (*Biscoe v. Moore et al., ad., use, &c.,* 12 Ark. 77; *Cook, Administrator, v. W. Y. & John T. Lovell,* 11 Iowa, 81; *Adminstratrix Schmidt v. W. and E. Crafts,* 2 Brev. [S. C.] *266; *Mitchell v. Rucker,* 22 Tex. 66; *Happoldt v. Jones,* Harp. [S. C.] 109; 2 Woerner, Am. Law of Admin., 2d ed., § 398.)

It is argued that to permit the off-set could prejudice no one but the holders of the two claims which had been allowed as demands of the second class; that one of these claims—that of the attorney of the administratrix—should be excluded from consideration upon principles of equitable estoppel, and that the other should be ignored because it showed upon its face that the statute of limitations had run against it before it was presented to the probate court. The challenge of the attorney's claim need not be considered, for that directed against the other one is manifestly bad. The allowance of the demand was in effect a judgment, and the question of the statute of limitations cannot be raised in a collateral attack upon it. It follows that the judgment must be reversed, and the cause remanded for further proceedings in accordance with the views here expressed.

All the Justices concurring.