Sarbach v. Deposit Co.

No. 20,207.

*In re* the Appeal of CARRIE SARBACH, as Administratrix, etc., *Appellee*, v. THE FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Appellant.*

### SYLLABUS BY THE COURT.

1. INSOLVENT ESTATE—*Claims Allowed—Creditor's Right to Appeal.* Where the individual estate of a decedent is insolvent, having no assets except what may accrue to it from the decedent's share of a partnership estate after the partnership debts are paid, a creditor of the individual estate has such interest in the accounting and settlement of the partnership estate as will entitle him to appear in the probate court and resist the allowance of questionable claims against the partnership estate, and to appeal from the decision of the probate court thereon.

2. SAME—*Claim Compromised by Administratrix—Investigation by Probate Court.* In an accounting and settlement in the probate court, an administratrix is not absolutely entitled to credit for a judgment rendered against her as administratrix which she has paid; and the court may inquire whether the lawsuit on which the judgment was founded was diligently defended, whether it was prudently compromised, or whether she subjected herself to the judgment by negligence, fraud or collusion.

3. APPEAL—*Trial Court's Findings—Not Disturbed.* Rule followed on appeal that the trial court's findings of fact based upon tangible and sufficient evidence can not be disturbed.

Appeal from Jackson district court; OSCAR RAINES, judge. Opinion filed November 11, 1916. Affirmed.

*T. F. Garver,* and *R. D. Garver,* both of Topeka, for the appellant.

*Charles Hayden, I. T. Price, E. D. Woodburn, F. T. Woodburn,* all of Holton, and *A. E. Crane,* of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is one of a long series of lawsuits which has reached this court arising out of the financial troubles of Albert Sarbach, of Holton, deceased, and also of the partnership, L. Sarbach's Sons, of which he was a member. On his death, in 1909, Carrie Sarbach was appointed administra-

trix of Albert's personal estate, and also of his partnership estate. Some time later an action was commenced by the Linscott State Bank against the surviving partner of L. Sarbach's Sons, and against Carrie, both as administratrix of Albert's estate and of the partnership estate, founded on certain more or less meritorious claims amounting to $7596.75, for which the bank prayed judgment. A separate answer was filed by Carrie as administratrix of both estates. Judgment by compromise was rendered for $5000 against her as administratrix of the partnership estate. She paid this judgment, and over the objection of the Fidelity & Deposit Company, a creditor of Albert's personal estate, the probate court allowed this item. This objecting creditor appealed to the district court, and the controversy there ranged about two main propositions—the right of this creditor of the personal estate to appeal from an allowance of the $5000 item against the partnership estate, and whether the original judgment for $5000 was rendered in good faith or through collusion between the Linscott State Bank and certain attorneys for the administratrix.

The trial court made certain findings of fact and conclusions of law:

"VIII. . . . Under the circumstances of the case, and with the knowledge which could be produced by said bank proving liability of L. Sarbach's Sons for the payment of each of said two notes for $3000 and the fact that the trial court, in overruling defendant's motion to exclude evidence had, after full argument of the question, decided that the amended petition in the case stated a cause of action against the defendants the said attorneys acted for what they believed to be for the best interests of the estate of L. Sarbach's Sons in advising the compromise that was then made. They were not attorneys for said bank and did not act for or in the interest of said bank in advising said compromise, nor were they or either of them guilty of any fraud, collusion, negligence or other misconduct whatsoever.

"XII. The estate of Albert Sarbach is insolvent, and probably little more will be paid creditors of the fifth class. There is a small balance in the partnership estate, after paying all partnership liabilities.

"XIII. The appellant, the Fidelity & Deposit Company of Maryland, is not a creditor of the estate of L. Sarbach's Sons, but is a creditor of the estate of Albert Sarbach, deceased. . . . Second. Each and all of the payments made by said Carrie Sarbach, as administratrix and trustee of the estate of L. Sarbach's Sons, pursuant to the said compromises mentioned in the foregoing findings of fact, and including the

Sarbach v. Deposit Co.

payment of five thousand dollars ($5000), made by her in satisfaction of the judgment recovered by the Linscott State Bank, were lawfully made by her, and she should be allowed credit therefor.

"Third.   The Fidelity and Deposit Company of Maryland, not being a creditor of L. Sarbach's Sons, had no appealable interest or right to appeal from the order and judgment of the probate court made upon the accounting of said Carrie Sarbach, as administratrix and trustee of the estate of L. Sarbach's sons."

Error is assigned (*a*) on the decision that the $5000 paid to the bank in accordance with the judgment was a legal claim against the partnership estate, and (*b*) on the ruling that the appellant, not being a creditor of the partnership estate, had no appealable interest in the probate court's allowance of this judgment item.

Considering the latter question first, we have no doubt that the appellant had an interest in the proceedings in the probate court and an appealable interest from an adverse decision. Its interest in the probate court's action was simple and easily understood. It was a creditor of Albert's personal estate. That estate was insolvent.   Whatever was left of the partnership estate after its lawful debts were paid would inure to the partners individually, and Albert's estate would get his proper share as partner.   When that share was distributed, the personal creditors could reach it.   If personal creditors are compelled to stand aside without right to be heard while partnership assets are frittered away on trumped-up claims, there is a discrepancy in the law which is highly discreditable to the administration of justice and one which we would be reluctant to admit.

Authorities on this subject are not numerous, but the statute is plain.   Section 3522 of the General Statutes of 1909 provides:

"The probate court shall have jurisdiction to hear and determine all demands against any estate; and a concise entry of the order of allowance shall be made on the record of the court, which shall have the force and effect of a judgment."

How is the court to hear and determine such demands? By hearing only those who advocate the demands? Shall the court limit the hearing of objections to those who have direct claims against the estate? Or in fairness and justice should not the court hear also the protest of those who are vitally interested,

although indirectly, in the disposition of the assets? More broadly expressed, should not the court make the sifting of the truth—the merit of the claim—its principal concern and hear all who may be able to throw light on the subject regardless of their interest?

Section 3587 of the General Statutes of 1909 provides that when an administrator desires to make final settlement of an estate he shall give four weeks' notice, "to all creditors and all others interested in the estate." (See, also, Gen. Stat. 1909, § 3490.) Who can possibly be meant by the words "all others interested in the estate" if not those having claims on the residue after direct creditors are satisfied? (11 R. C. L. 185.) Such claimants may not inaptly be designated and considered as intervenors by an analogy to the practice in equity. Certainly the statute is not using empty and futile words when it speaks of "all others interested in the estate." One highly pertinent reason why creditors of the personal estate should be heard in the determination of claims against the partnership estate rests on the proposition that the probate court's decision thereon will go for review to the district court charged with a presumption in favor of its regularity. (18 Cyc. 1213.) It will be noted, also, that the statute relating to appeals from the probate court (Gen. Stat. 1909, § 3624 *et seq.*) is very liberal, and it does not define who may be appellants. The same liberality as to appellants should be inferred as on the subject matter of such appeals. In 18 Cyc. 1209, it is said:

"The general rule that any party aggrieved by a judgment or decree may appeal therefrom and that in a legal sense a party is aggrieved by a judgment or decree whenever it operates on his rights of property, or bears directly upon his interests is applicable in proceedings for the settlements of administration accounts, and it follows as the converse of this general rule, that it is not the privilege of a party to appeal from a judgment or order rendered in such a proceeding, unless he is, either as an individual, or in a representative capacity, aggrieved thereby, and that no one is in a legal sense aggrieved by such a judgment or order, unless it prejudicially affects his rights of property, or pecuniary interests, or those of others for whom he is, with relation to such proceeding, the duly constituted representative.

"Legatees, distributees, or creditors of the decedent, when aggrieved by such a judgment or decree, may appeal therefrom."

It seems clear, therefore, that a creditor of the personal estate who is dependent upon the personal estate's share of the

residue of a partnership estate for the satisfaction of his claim, has such interest in the partnership estate as will entitle him to resist the allowance of a questionable claim in the settlement of the partnership estate in the probate court, and to appeal from the decision of that court. (*Davenport v. Hervey,* 30 Tex. 308, 309.)

Turning next to what appears to be the controlling feature of this lawsuit, the appellant's objections to the item in controversy and many others were heard by the probate court. That court rendered its judgment. Appeal was taken, and while the district court erroneously held that the appellant creditor had no appealable interest from the allowance of claims against the partnership estate, yet appellant's grievance at its allowance was heard and determined. The district court heard the evidence touching the compromise judgment entered in the bank's case against the partnership estate, heard the evidence as to the alleged collusion between the bank and certain of the attorneys for the administratrix, and made findings of fact—quoted in part above—fully exonerating counsel from any unprofessional or collusive conduct. These findings, based on sufficient oral testimony, conclude that phase of the case on appeal. We would not say that the judgment in the bank case was conclusive before the probate court nor in the district court on appeal from the decision of the probate court. (*Pearson and Wife v. Darrington,* 32 Ala. 227, syl. ¶ 14; *In re Yetter,* 61 N. Y. Supp. 175.) Doubtless this judgment was not subject to collateral attack by the parties to that judgment. But the probate court might have disallowed the item therefor in the account of the administratrix if it considered that the judgment was brought about by the fraud, collusion or negligence of the administratrix and her attorneys. A prudent course would have prompted the administratrix to have secured the approval of the probate court before consenting to a compromise judgment. We realize, however, that situations sometimes develop rapidly in a lawsuit and it is necessary for litigants and their counsel to act quickly, and to trust that their course will later meet the approval of those entitled to review their conduct. We are constrained to hold, however, that the judgment made a *prima facie* claim for allowance in the pro-

bate court. (Gen. Stat. 1909, §§ 3518, 3519.)   Here then was an item founded on a judgment presented to the probate court freighted with the presumption of its regularity and validity, further strenghtened by its approval and allowance by the probate court, and still later its merits investigated and approved by the district court.   In such a situation the judgment must be affirmed.