No. 36,861

In re Estate of W. J. Johnson, Deceased. ALICE KNIGHT KIRKPATRICK and JOHN D. KNIGHT, Administrator with the Will Annexed of the Estate of Sarah A. Johnson, Deceased, *Appellants,* v. B. B. NORRIS, Executor, *Appellee.*

(187 P. 2d 376)

Opinion filed December 6, 1947.

*Balfour S. Jeffrey,* of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove, Robert E. Russell, Philip E. Buzick* and *Robert H. Steele,* all of Topeka, were with him on the briefs for the appellants.

*Paul B. Bailey,* of Hiawatha, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: This is an appeal from an order of final settlement of an estate. Appellants contend that a long delay in closing the estate constituted maladministration on the part of the executor depriving him of right to an allowance for his services, and that interest on certain claims was improperly allowed. In view of the conclusion presently to be stated, it is unnecessary to recite appellants' contentions in detail. A brief recital of the material facts will suffice to present the question which determines the appeal.

On January 30, 1923, W. J. Johnson and Sarah A. Knight, residents of Brown county, entered into an antenuptial agreement the provision of which here pertinent was that any property belonging to Sarah A. Knight at the time of the marriage should continue to be hers to the same extent as though she had remained an unmarried woman, and that if her husband predeceased her, she should receive a bequest in the sum of $2,500 in full settlement of all rights or claims arising by virtue of the marital relationship. The parties were married and on February 23, 1923, W. J. Johnson executed his will in conformity with the antenuptial agreement, making a bequest to his wife in the sum of $2,500. Johnson died on April 16, 1931; the will was probated on April 30, 1931, and B. B. Norris was named executor. Inventory was filed and reports filed by the executor from time to time during the fourteen years which followed. Apparently no request for closing the estate was made by anyone during that time. Several claims were allowed in 1932, but were not then paid. Sarah A. Johnson died on May 10, 1945. In October, 1945, hearing was had on the executor's petition for final settlement. No one appeared representing the Sarah A. Johnson estate. But Alice Knight Kirkpatrick, a daughter of Sarah A. Johnson by a former marriage, appeared and objected to payment of a certain claim based upon promissory notes given to the bank and which had been allowed in 1932 but not paid. The record does not disclose that she objected to the allowance of $600 to the executor for his services as such nor to any other claims. Reappraisement of some real estate belonging to the estate was ordered and the real estate was subsequently sold for somewhat more than the appraised value but at a figure much below the appraisement made in 1931. The estate was ordered closed and the executor directed to pay the balance of $397.07 remaining in his hands to the legal representative

of the Sarah A. Johnson estate to apply on the payment of the bequest of $2,500. From the order of final settlement, Alice Knight Kirkpatrick appealed to the district court. On February 13, 1946, John D. Knight, a son of Sarah A. Johnson by her former marriage, was appointed administrator with the will annexed of her estate, and on February 26, 1946, he asked, and without objection was granted, leave to intervene in district court in the appeal of Alice Knight Kirkpatrick. At the ensuing trial, all parties were represented. Evidence was introduced with reference to the delay in closing the estate and the reasons therefor, and as to other pertinent matters. At the conclusion of the trial, the court made full findings of fact. It will suffice to say that these findings were favorable to the executor. The last finding was as follows:

"15. That Alice Knight Kirkpatrick, appellant, is not a real party in interest and not interested in the subject-matter of this appeal, and John D. Knight, administrator with the will annexed of Sarah A. Johnson, deceased, as intervenor, cannot maintain his appellate position predicated on the appeal of Alice Knight Kirkpatrick, who is not an aggrieved party or party in interest."

The court thereupon approved and confirmed the final account and settlement and directed distribution to be made in accordance with the order of the probate court heretofore referred to. From that judgment this appeal was taken.

Alice Knight Kirkpatrick was not an heir of W. J. Johnson nor a beneficiary or creditor of his estate. The estate of her mother, Sarah A. Johnson, was a beneficiary of the W. J. Johnson estate by virtue of the bequest, but she was not a representative of her mother's estate. The fact that she was an heir and might possibly be held to be a beneficary of her mother's estate did not give her the right to represent that estate. The personal representative of an estate is the only one authorized to represent it. "There is no other method provided by statute (aside from administration) whereby the existence of creditors or heirs of decedent may be conclusively established and the estate distributed." (33 C. J. S. 882, § 5.) And at least unless it is shown that the personal representative, whose duty it is to recover assets for the estate, cannot or will not do so, an individual beneficiary may not represent the estate in litigated matters. (33 C. J. S. 1142; 21 Am. Jur. 377.) In the instant case, not only had Alice Knight Kirkpatrick not been determined to be a beneficiary of her mother's estate, but no executor or administrator

of the estate had been appointed or petitioned for. If she or any other person interested in the Sarah A. Johnson estate thought that the interests of that estate required representation in the hearing in the W. J. Johnson estate, they should have asked that an administrator be appointed who could then represent that estate. There was ample time to do that following the death of Sarah A. Johnson on May 10, 1945, and there was nothing to prevent its being done. Alice Knight Kirkpatrick was therefore not entitled to be heard in the administration of the W. J. Johnson estate nor to take an appeal to the district court. It follows in turn that, since she was the only one attempting to appeal, no valid appeal was lodged in the district court, and there could be no intervention there in an appeal which did not exist. The proper action on the part of the district court would have been to dismiss the appeal. We may add, however, that findings of fact by the trial court on the contentions of the parties would have been properly before us if we had reached the conclusion that the trial court had jurisdiction to determine the issues. No valid appeal having been taken to the district court, we are without jurisdiction to review, on their merits, the contentions of appellants.

In conclusion, it may be noted that in the trial the district court received in evidence, over the objection of the appellants, the last will and testament of Sarah A. Johnson. It appeared that, under the provisions of her will, any money or property which might come to her from the estate of W. J. Johnson was left in equal shares to his two sons and a daughter by his first marriage. This provision in the Sarah A. Johnson will, set out in its finding No. 8, appears to have been the basis of the trial court's finding that Alice Knight Kirkpatrick was not a real party in interest and was not interested in the subject matter of the appeal since in any event she would take nothing coming from the W. J. Johnson estate. We agree with appellants' contention that the will of Sarah A. Johnson was improperly admitted in evidence since it had no bearing upon disposition of the assets of the W. J. Johnson estate. The determination of beneficiaries of the Sarah A. Johnson estate was a matter for the probate court in the administration of her estate. However, the admission of the Sarah A. Johnson will does not affect the decision here made.

The case is remanded with direction to dismiss the appeal from the probate court.