No. 38,091

In the Matter of the Estate of E. H. Fast, Deceased. MINNIE M. MINGLIN (sometimes known as Minnie M. Fast), *Appellant*, v. JOHN M. FAST, Administrator of the Estate of E. H. Fast, Deceased, *Appellee.*

(225 P. 2d 1056)

Opinion filed January 6, 1951.

*Tinkham Veale,* of Topeka, argued the cause and was on the briefs for the appellant.

*Harry T. Coffman,* of Lyndon, argued the cause and was on the briefs for the appellee.

*T. M. Lillard,* of Topeka, filed briefs as *amicus curiae.*

The opinion of the court was delivered by

KAGEY, J.: This is an appeal from an order of the district court dismissing an appeal from a ruling of the probate court on a demurrer to a demand, for the reason that the order sustaining the demurrer in probate court was not an appealable order. From the ruling dismissing the appeal from the probate court, the case was appealed to this court.

E. H. Fast, a resident of Shawnee county, died intestate on May 26, 1948, leaving as his sole and only heirs at law Myrtle M. Fast, widow, of Burlingame, Kansas, and nine sons and daughters, all of whose names and addresses were set out in the petition for administration. John M. Fast, one of the sons, was appointed special administrator of the estate on June 3, 1948, and on July 13, 1948, was appointed general administrator. Minnie M. Minglin's petition for allowance of her demand was filed February 18, 1949, and was, in essence, a demand for $2,000 allegedly owed by the deceased to her; and for one-half of the property involved consisting of many tracts and parcels of land, household furniture, car, notes, currency and other personal property of an approximate value of $31,000 according to the inventory. The basis of the claim was the alleged existence of a partnership between claimant and E. H. Fast, deceased, prior to his death. To this demand John M. Fast, administrator, lodged a demurrer and Myrtle M. Fast a motion to make more definite and certain. The motion to make more definite and certain was sustained as to certain parts of the demand and overruled as to others; the demurrer was sustained. An appeal was taken to the Shawnee County District Court and the district judge dismissed the appeal on the ground that the order sustaining the demurrer in the probate court was not an appealable order.

Appellant, Minnie M. Minglin, had a claim in the probate court and, whether meritorious or not, was prevented from having her claim heard by virtue of the proceedings in the probate court. G. S. 1947 Supp., 59-2401, detailing appealable orders, does not provide that an appeal may be taken to the district court from the probate court from an order sustaining or overruling a demurrer to a claim or a demand.

Appellee in his brief has called the attention of the court to the cases of *Burns v. Drake,* 157 Kan. 367, 139 P. 2d 386; *Erwin v. Leonard,* 166 Kan. 630, 203 P. 2d 207; and *In re Estate of Pratt,*

164 Kan. 512, 190 P. 2d 872, as supporting the proposition that the bench and bar of this state have approved the filing of demurrers in probate practice. In none of the cases above cited, nor in any other cases decided by this court, did this court pass upon the propriety of the filing of demurrers to claims or demands in the probate court; nor did it pass upon the specific question involved in this appeal.

No purpose would be served in again reviewing the history of our comparatively new probate code. Suffice to say that some objectives of the framers were to simplify procedure and expedite the administration of estates. In the case of *Burns v. Drake,* supra, this court commented upon the many and important changes the probate code made in the law and said it was not surprising that a number of questions of interpretation and application had already arisen, and that "Others will doubtless arise."

G. S. 1947 Supp., 59-2237 provides in part as follows:

"Exhibition of demands and hearing thereon; allowance without hearing, when. Any person may exhibit his demand against the estate of a decedent by filing his petition for its allowance in the proper probate court . . . The verification of any demand may be deemed prima facie evidence of its validity unless *a written defense thereto is filed.* Upon the adjudication of any demand, the court shall enter its judgment allowing or disallowing it . . ." (Italics supplied.)

G. S. 1947 Supp., 59-2210, relating to the form of notice, which the legislature itself authored, of any proceeding in the probate court, provides in part as follows:

"Notice of any hearing, if such is required, shall be in substantially the following form:

. . . . . . . . . . . . .

"You are hereby notified that a petition has been filed in said court by (name of petitioner and capacity in which he appears) praying for (state nature of petition and the nature of the judgment, order or other relief sought), and *you are hereby required to file your written defenses thereto* on or before . . ." (Italics supplied.)

The above statutes are the statutes relating to procedure in the probate court after the filing of the demand insofar as they relate to pleadings. It will be seen from the above that the only pleading necessary or proper for opponents of a demand to file in the probate court is a written defense, and that any demurrers or other motions of a similar nature are not proper matters for the probate court. The probate code fixes its own rules relating to pleadings; the code of civil procedure has no application to the

probate code, and the only function of the probate judge after a hearing on a demand in an estate proceeding is to allow or disallow it. In the instant case, no hearing was had and no such order made by the probate court.

Appellant has assigned three specifications of error and stated in her brief that there are five questions involved. Briefs were filed by *amicus curiae* arguing points raised in this appeal. We note also that appellee has filed a "brief of appellee and cross-appellant." We fail to find any specifications of error, notice of appeal, or argument on a cross appeal, and assume that appellee has abandoned any notion he might have had of cross-appealing from any orders of the lower court. From the view we have taken of the case, it is unnecessary to consider any of the other specifications of error or questions involved.

The judgment of the court below is reversed with directions to remand this case to the probate court for further proceedings.

PRICE, J., concurs in the result.