No. 45,919

In the Matter of the Estate of Michial Wayne Lohse, Deceased, MARIA MARTINEZ and VERNON LOHSE, *Appellants*, v. JOHN C. RUBOW, Administrator, *Appellee.*

(483 P. 2d 1048)

Opinion filed April 10, 1971.

*Charles F. Forsyth*, of Erie, argued the cause, and *Clark M. Fleming*, of Erie, was with him on the brief for the appellants.

*Richard C. Hite*, of Kahrs, Nelson, Fanning, Hite & Kellogg, Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is an appeal from the denial of a petition to remove John C. Rubow as administrator of the estate of Michial Wayne Lohse, deceased.

On June 3, 1967, Lohse was the driver of an automobile which collided with another driven by Horace Martinez. Both drivers and two passengers in the Martinez vehicle were killed. A third passenger with Martinez received serious injuries in the accident.

Lohse had an automobile insurance policy issued by Western Indemnity Co. of Fort Scott. The policy provides liability coverage for bodily injuries and death with limits of $10,000 per person and $20,000 per accident. The insurance company petitioned the probate court of Neosho county for appointment of an administrator of the Lohse estate, and John C. Rubow, a Chanute attorney, was

appointed September 28, 1967, when Lohse's parents refused to serve. At all times thereafter, Rubow acted as both administrator and attorney for the estate.

On October 19, Jesse Martinez, the injured survivor, filed a claim against the estate for damages in the amount of $22,861.36. Another claim for $35,876.85 was filed November 10 by the mother of Horace Martinez for the wrongful death of her son. On Rubow's demand, the insurance company, through its attorney, Mr. Charles Henshall, undertook defense of the aforesaid claims pursuant to the terms of the policy. An extensive investigation of the accident was conducted by the insurance company, Henshall, and Rubow. Finally, the insurance company acceded to Rubow's demand that the personal injury claim of Jesse Martinez be settled within policy limits for $9,500. The wrongful death claim for Horace Martinez could also have been settled for $9,500, but Rubow refused to demand settlement thereof because his investigation had revealed some evidence that Martinez may have been contributorily negligent. The insurance company's offer to settle for $2,000 was rejected by Martinez' mother. Thereupon, the claim was transferred to district court, and on May 20, 1968, a jury returned a verdict against the Lohse estate for $24,584.85.

On April 15, and on June 26, 1968, two more claims were filed against the estate for the wrongful deaths of the other passengers in the Martinez automobile—one for $25,000, the other for $35,700. The disposition of these claims is not shown by the record.

The insurance company subsequently paid its per person policy limits of $10,000 in partial satisfaction of the judgment in the Horace Martinez case. The attorney for the judgment creditor requested Rubow to sue the insurance company in an effort to recover the balance of the judgment in excess of policy limits. Rubow refused on the basis that there would be no merit in such an action.

The judgment creditor and the parents of Lohse then filed a petition in probate court for appointment of a special administrator of the estate for the express purpose of instituting suit against Rubow and the insurance company to recover an excess judgment. The petition was denied and a purported appeal was dismissed by the district court under authority of K. S. A. 59-2401.

Subsequently, the judgment creditor and the surviving parent of Lohse (hereinafter referred to as petitioners or appellants) filed

the present petition in probate court to remove Rubow as administrator of the estate. The petition alleged that the insurance company had procured Rubow's appointment as administrator, and he was serving as its employee; that notwithstanding the judgment creditor's willingness to settle the Martinez claim within policy limits, Rubow, in violation of his fiduciary duties and contrary to the best interests of the estate, refused to demand settlement within those limits; that through his negligence and bad faith, Rubow failed to protect the estate; that he refused to file suit against the insurance company to recover a judgment in excess of policy limits; and that he had failed to marshal all the assets of the estate and should be removed as administrator.

After a hearing in probate court, the petition was denied on the ground it was barred by the doctrine of *res judicata* because of the earlier adverse determination of the petition for appointment of a special administrator. Petitioners appealed to the district court where the court declined to apply the doctrine of *res judicata* and heard the matter *de novo* on the merits. At the close of the evidence, the court made findings of fact, and concluded in substance that Rubow had fulfilled his duties and obligations as administrator, and had acted in good faith. Judgment was entered accordingly, and this appeal followed.

K. S. A. 1967 (now 1970) Supp. 59-1711 provides in part:

". . . Whenever a fiduciary fails or refuses to perform any of the duties imposed upon him by law or by any lawful order of the court, he may be removed and his compensation may be reduced or forfeited, in the discretion of the court."

The law is clear that an administrator of an estate acts in a fiduciary capacity, and has a duty to exercise the utmost good faith in all his transactions affecting the estate. (*Stump v. Flint*, 195 Kan. 2, 402 P. 2d 794; *In re Estate of Anderson*, 175 Kan. 18, 259 P. 2d 180.) As in the case of any attorney-client relationship, the attorney for an administrator is also cast in the role of a fiduciary and binds himself to the highest degree of fidelity and the most scrupulous good faith. (See, *Kirwin v. McIntosh*, 153 Kan. 395, 110 P. 2d 735; *Haverty v. Haverty*, 35 Kan. 438, 11 Pac. 364.)

The import of the district court's findings is that Rubow was not guilty of any misconduct warranting his removal as administrator. These findings, if supported by substantial, competent evidence, will not be disturbed on appellate review. (*Jensen v.*

*Jensen,* 205 Kan. 465, 470 P. 2d 829; *In re Estate of Bernatzki,* 204 Kan. 131, 460 P. 2d 527.)

Appellants first assail the district court's finding that Rubow fulfilled his obligation to protect the estate on the ground that he failed to demand settlement of the Horace Martinez claim by the insurance company within policy limits.

The parties concede that the duty of the insurer to settle within policy limits is not contingent upon whether or not the insured demands settlement. (See, *Bollinger v. Nuss,* 202 Kan. 326, 449 P. 2d 502.) Nevertheless, appellants contend that as part of the administrator's overall obligation to protect the assets of the estate, Rubow had no alternative but to demand the claim be settled within the limits of the policy.

At the time of Rubow's alleged breach of duty, the personal injury claim of Jesse Martinez for $22,861.36, and the wrongful death claim of $35,876.85 for Horace Martinez, were pending against the estate. The only assets in the estate consisted of $3,400 against which a claim had been allowed in the amount of $1,300. Initially, Rubow demanded the settlement of both claims for $9,000 each, which, of course, would have been within the limits of the policy. Had the cases been settled at that figure, the available insurance coverage would have been reduced to $2,000. The estate, however, was still faced with the possibility of two more wrongful death claims being filed. Rubow withdrew the demands for settlement in order to make further investigation of the accident. After determining that there was some evidence that the other driver, Horace Martinez, may have been contributorily negligent, he did not renew his demand to settle the driver's case, but did demand that the insurance company accept the offer of Jesse Martinez to settle his personal injury claim for $9,500.

The essence of Rubow's testimony was that in his judgment the best course of action for protecting the estate was for him to demand settlement of the Jesse Martinez claim for $9,500, defend the driver's wrongful death claim because it offered the least risk, and if defeated, the remaining $10,500 insurance coverage might be adequate to protect the estate on the two remaining claims. In his opinion, the death claims for the two passengers in the Martinez automobile were potentially more dangerous to the estate than the driver's claim.

The fallacy of appellant's entire argument on this point lies in the unwarranted assumption that Rubow, rather than the insurance

company, was in sole control of the defense of these cases, and if he had demanded settlement of the driver's claim, the insurance company would have been compelled to settle in order to avoid liability for an excess judgment.

In a situation such as we have here, the administrator's duty to exercise the utmost good faith implies honesty, fair dealing and adequate information, with the ultimate object of his acting in the best interests of the estate. Rubow could not have been expected to predict with exactitude the results of a trial, nor can it be said he acted in bad faith where he honestly believed or had cause to believe that the estate would be exposed to less risk if he did not insist the driver's claim be settled for $9,500. The administrator's actions must be gauged by the circumstances as they appeared at the time of the negotiations, not by what later developed after trial. These principles have been recognized with respect to the duty of an insurer to settle within policy limits (*Bollinger v. Nuss,* supra), and by analogy are applicable in scrutinizing the actions of a fiduciary in the present factual context.

There was ample evidence by way of the testimony of Mr. Donald R. Newkirk and Robert L. Briley, long-time practicing attorneys of the Kansas bar, that Rubow acted properly under the circumstances, and that the course of action taken was the one most likely to preserve the assets of the estate. The district court's finding that Rubow ". . . did in good faith exercise his own judgment in not demanding a settlement from the insurance company." was supported by substantial, competent evidence, and will not be disturbed.

The finding that Rubow properly refused to demand settlement of the Horace Martinez claim adequately disposes of appellant's further complaint about Rubow's refusal to sue the insurance company in an effort to recover the amount by which the judgment against the estate exceeded the limits of the policy.

Whether an action against the insurance company would have been meritorious is not the issue in this case. The question here concerns Rubow's alleged dereliction of duty as administrator in failing to institute suit. The district court found that Rubow was justified in acting as he did. The demand that he take action against the insurance company was made by the attorney for the judgment creditor. In effect, the judgment creditor was asking Rubow, as administrator of the estate, to risk, and possibly expend, the limited

assets of the estate in an attempt to recover money from the insurance company which would benefit only a single judgment creditor. While Rubow, Newkirk, and Briley testified that in their opinions an action against the insurance company would be without merit, the fact remains that if such action is warranted, the judgment creditor has available the remedy of garnishment. (*Bollinger v. Nuss,* supra.) Under the circumstances, the judgment creditor is in no position to complain of Rubow's refusal to file suit.

The most serious charge leveled by appellants is that Rubow should be removed as administrator because he converted assets of the estate to his own use. This charge stems from a declaratory judgment action brought by the insurance company against the estate immediately after Rubow was appointed. In that action the company sought an adjudication that the policy of insurance issued to Lohse was void because of fraudulent representations made in the application. Rubow, in his capacity as administrator, and acting as his own attorney, filed an answer demanding full protection of the policy for the estate and also attorney's fees. About six weeks later the declaratory judgment action was voluntarily dismissed at the cost of the insurance company. The company agreed to pay Rubow $250 as a compromise settlement of his claim for attorney's fees. Rubow told the probate judge about receiving the fee, and later recited the receipt thereof in a petition filed in the estate for allowance of fees. The $250 was deducted from the fees allowed Rubow by the probate court.

The thrust of appellant's argument is that the fee received by Rubow became part of the assets of the estate and should have been accounted for as such. Assuming the argument is valid, we fail to see how the estate would have benefited in the long run. The administrator of an estate is entitled to an allowance for compensation and expenses for himself and his attorney, the same to be paid from the assets of the estate. (K. S. A. 59-1717; *In re Estate of Eyth,* 157 Kan. 268, 139 P. 2d 378.)

An insured is entitled to an allowance of attorney's fees where the insurance company ". . . has refused without just cause or excuse to pay. . . ." (K. S. A. 40-256.) This includes situations where there is a dispute over policy coverage. (See, *Buchanan v. Employers Mutual Liability Ins. Co.,* 201 Kan. 666, 443 P. 2d 681.) The fee paid Rubow by the insurance company was for his services as attorney for the insured. The fact that he was also the adminis-

trator of the estate at the time is merely incidental and of no serious consequence. The payment of the fee actually operated to the benefit of the estate. It was fully accounted for by Rubow and was deducted from the fee to which he otherwise would have been entitled as administrator-attorney in the probate proceeding. By no stretch of the imagination did Rubow convert assets of the estate to his own use. Likewise, appellant's assertion that by accepting the fee, Rubow became an agent and employee of the insurance company, thus giving rise to a conflict of interest with his position as administrator of the estate, is completely groundless.

Other contentions advanced by appellants have been considered and found to be without merit. After a careful review of the record, we are satisfied that the trial court's findings are supported by substantial, competent evidence, and the court properly concluded there were insufficient grounds to order Rubow's removal as fiduciary.

The judgment is affirmed.