No. 49,670

In the Matter of the Estate of Leon Stahl, Deceased. GLENN B. MEREDITH, JOHN A. MEREDITH, MILDRED STAHL, MARIAN ELY, WHEELER ELY, CHARLES ELY, ADISON VAN ELY, NELLIE NOBLE and MARGARET L. SAYRE, *Appellants,* v. R. L. GOODYEAR, Trustee, and CHLOE BARBER, Beneficiary of the Leon Stahl Trust, *Appellees.*

(596 P.2d 121)

Opinion filed June 9, 1979.

*J. Franklin Hummer,* of Gray, Freidberg, Davis, and Unrein, of Topeka, argued the cause, and *Charles L. Davis, Jr., Michael J. Unrein,* and *Lance A. Pool,* of the same firm, were with him on the brief for the appellants.

*Frank M. Rice,* of Jones, Schroer, Rice, and Bryan, of Topeka, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

PRAGER, J.: This case arose as the result of a dispute between the trustee of an inter vivos trust and the settlor's administrator over the question of whether certain personal property should be included as assets of the estate of the deceased, Leon Stahl, or were properly assets of the trust created by Leon Stahl prior to his death. The facts in the case are not in dispute and are essentially as follows: On April 29, 1975, Leon Stahl executed a written trust

agreement. The principal beneficiary of the trust agreement is Chloe Barber. The trust agreement specifically described certain personal property to be placed in the trust estate, including three certificates of deposit issued by the Security State Bank of Auburn, Kansas. At the time of the execution of the trust agreement, the certificates had a value of $32,460.86. The named trustee, R. L. Goodyear, accepted his appointment as trustee.

Leon Stahl died intestate on October 9, 1975. An administration of his estate was commenced in the probate court of Osage County on November 7, 1975. Ellis L. Swarts was appointed administrator of the Stahl estate. The three certificates of deposit mentioned above were found by the administrator in the safety deposit box of Leon Stahl. The administrator listed the three certificates of deposit as property belonging to Leon Stahl and included them in the inventory of his estate. At this point, a controversy arose between the trustee and the administrator. The trustee, Goodyear, and later the beneficiary, Chloe Barber, filed petitions to strike the three certificates of deposit from the inventory, contending that the three certificates were a part of the trust estate.

That issue was first litigated in the probate court of Osage County. After a full hearing, the probate court found that the certificates of deposit were not assets of the estate but in fact were trust assets. On July 28, 1976, the probate court ordered the three certificates of deposit stricken from the estate inventory. That decision was appealed by the administrator to the district court of Osage County. Thereafter, a trial de novo was held before the Honorable Robert F. Stadler on the petitions to strike. After a full evidentiary hearing, the matter was taken under advisement by the district court. Subsequent to the hearing and prior to any decision being made by Judge Stadler, the administrator filed a petition on September 13, 1977, advising the district court that the administrator, as representative of the heirs, and R. L. Goodyear, trustee, and Chloe Barber, trust beneficiary, had tentatively entered into a proposed compromise settlement, a copy of which was attached to the petition. The petition requested the district court for an order authorizing the administrator to enter into the proposed settlement. Under the terms of the settlement, $10,000 from the funds in the hands of the trustee, Goodyear, would be paid into the Leon Stahl estate. The Stahl estate would be re-

sponsible for paying the funeral bill of Leon Stahl. The remaining trust funds, including the three certificates of deposit, would become the sole property of the trust to be distributed to the beneficiary, Chloe Barber, in accordance with the trust agreement.

A hearing was held by Judge Stadler on the petition for authority to enter into the compromise settlement. Following the hearing on October 11, 1977, the district court entered an order granting authority to the administrator

"to negotiate in behalf of the estate and to accept in behalf of the estate *any* compromise settlement in relation to the inclusion of property within the inventory of the estate of Leon Stahl, deceased." (Emphasis supplied.)

Upon the basis of that order, a compromise settlement was then entered into on October 18, 1977, between Ellis L. Swarts, as administrator of the Stahl estate and R. L. Goodyear, trustee, and Chloe Barber, beneficiary of the Leon Stahl trust. This settlement conformed to the proposed settlement which had been attached to the administrator's petition to authorize settlement. Some of the Stahl heirs were dissatisfied with the compromise settlement and brought a timely appeal to this court.

On the appeal, the dissatisfied heirs contend in substance that the administrator of the estate could not compromise the issue as to the ownership of the three certificates of deposit without the consent of all heirs of the estate, including the appellants. The objecting heirs maintain that the trial court's order was too broad in its scope, since it authorizes the administrator to accept *any* compromise settlement in relation to the inclusion of property within the inventory of the estate and that, under all of the circumstances, they were denied their right to contest the claim of the trustee to the three certificates of deposit. The trustee and the beneficiary contend that the administrator's petition for authority to compromise the trustee's claim sought only authority to enter into the specific compromise settlement which was attached to the petition, and that, although the journal entry signed by the district judge was broader in its authorization that the petition had requested, the administrator did, in fact, enter into a compromise settlement exactly in conformity with the proposed settlement attached to his petition and, therefore, no substantial rights of the heirs were prejudiced. They further maintain that the administrator of an estate has the authority to compromise a claim

made against the estate, provided the approval of the probate or district court is first obtained. The trustee and beneficiary then contend that, since the specific compromise settlement in the present case was, in effect, approved by the district court, all procedural requirements for approval of the compromise settlement were satisfied. Hence, they argue, the appeal of the objecting heirs is without merit.

The basic issues to be determined are whether the administrator of an estate has the power to compromise or settle a claim filed against the estate and, if such power exists, the procedural requirements necessary to be followed for the administrator to exercise such power. In determining these issues, it would be helpful to examine certain basic principles of law which have been established to guide the administration of estates of decedents in this state:

(1) The statute which governs the exhibition of demands and the procedural steps to be followed in determining their validity is K.S.A. 59-2237, which provides as follows:

"59-2237. **Exhibition of demands and hearing thereon; allowance without hearing, when.** Any person may exhibit his or her demand against the estate of a decedent by filing a petition for its allowance in the proper district court. Such demand shall be deemed duly exhibited from the date of the filing of said petition. The petition shall contain a statement of all off-sets to which the estate is entitled. *The court* shall from time to time as it deems advisable, and *must at the request of the executor or administrator, or at the request of any creditor having exhibited demand, fix the time and place for the hearing of such demands,* notice of which shall be given in such manner and to such persons as the court shall direct.

"Any demand not exceeding two hundred dollars ($200), duly itemized and verified, may be allowed, if approved in writing by the executor or administrator, without compliance with any of the provisions of this act relating to petition, notice of hearing, or otherwise. The verification of any demand may be deemed prima facie evidence of it validity unless a written defense thereto is filed. *Upon the adjudication of any demand, the court shall enter its judgment allowing or disallowing it.* Such judgment shall show the date of adjudication, the amount allowed, the amount disallowed, and classification if allowed. Judgments relating to contingent demands shall state the nature of the contingency." (Emphasis supplied.)

In interpreting K.S.A. 59-2237, this court has held that the sole function of the probate judge, after a hearing on a demand against an estate under 59-2237, is to enter judgment either allowing or disallowing the demand. *In re Estate of Fast,* 170 Kan. 352, 225 P.2d 1056 (1951). This result necessarily follows in view of the express language of K.S.A. 59-2237 that "upon the adjudication of

any demand, the court shall enter its judgment allowing or disallowing it."

   (2)   A claim of a person that certain property in the possession of the decedent at death and inventoried in the estate belongs to him and is not properly an asset of the estate constitutes a "demand" and is subject to the provisions of K.S.A. 59-2237.

We so held in *In re Estate of Paronto,* 172 Kan. 7, 238 P.2d 464 (1951); *In re Estate of Pratt,* 164 Kan. 512, 190 P.2d 872 (1948); *In re Estate of Bourke,* 159 Kan. 553, 156 P.2d 501 (1945). It should be emphasized that the rule is applicable only where personal property is in the possession of the decedent at the time of his death. Where property is in the possession of another at the time of the death of the decedent, the person asserting ownership of the property is not required to file a claim for the property in the court administering the decedent's estate. In that situation the burden is placed upon the personal representative of the decedent to bring an action against the person in possession for recovery of the property. *Oswald v. Weigel,* 215 Kan. 928, 529 P.2d 117 (1974).

   (3)   The administrator or executor of an estate, as the personal representative, is ordinarily the only one authorized to represent the estate. *In re Estate of Johnson,* 164 Kan. 45, 187 P.2d 376 (1947). The personal representative is obligated to protect not only the interests of the heirs but also the interests of creditors. *Richards v. Tieman,* 150 Kan. 116, 91 P.2d 22 (1939).

   (4)   An administrator or executor has the power to compromise a disputed claim against the estate, subject to the approval of the probate court either at the time the compromise settlement is entered into or on final settlement of his account.

It was generally recognized at common law that an executor or administrator had the power to settle or compromise disputed or doubtful claims against the estate subject to the approval of the court. The compromise settlement would be rejected by the court only on proof of bad faith or fraud. This common-law power has been somewhat restricted by statutes which require the personal representative to secure prior approval of the court before a binding compromise settlement is executed. See 31 Am. Jur. 2d,

Executors and Administrators § 259; 34 C.J.S., Executors and Administrators § 469; and the annotation with supporting cases at 72 A.L.R.2d 243, 250. The common-law rule is recognized in *Sarbach v. Deposit Co.,* 99 Kan. 29, 160 Pac. 990 (1916). In *Sarbach,* a compromise settlement of a claim was challenged by a creditor at the time of the accounting and settlement of a partnership estate in probate court.

(5)  By statute, an executor or administrator may compromise a debt *owed to the estate* with the approval of the probate court. In this regard, K.S.A. 59-1714 provides as follows:

"**59-1714. Compromise with debtor.** Whenever it appears for the best interests of the estate, the fiduciary may, on order of the court, effect a fair and reasonable compromise with any debtor or other obligor."

Cases recognizing the right of an executor or administrator to compromise a debt owed the estate with approval of the probate court are *Van Dusen v. Woolen-mill Co.,* 74 Kan. 437, 87 Pac. 74 (1906) and *Aetna Life Ins. Co. v. Swayze, Adm'x.,* 30 Kan. 118, 1 Pac. 36 (1883).

(6)  In settling or compromising a demand against the estate, the administrator's duty is to exercise the utmost good faith which implies honesty, fair dealing, and adequate information with the ultimate object of his acting in the best interests of the estate. *In re Estate of Lohse v. Rubow,* 207 Kan. 36, 483 P.2d 1048 (1971).

In *Lohse* a judgment creditor and the heirs of the decedent filed a petition in probate court for removal of the administrator because of his refusal to demand settlement by the deceased's insurance carrier of a wrongful death claim filed against the estate. The trial court's refusal to order the administrator's removal was sustained on the appeal to this court.

In determining the basic issue of whether an administrator or executor has the power to compromise a demand filed against the estate without the consent of all the heirs, we must consider the express provisions of K.S.A. 59-2237 together with our prior case law on the subject. As noted above, K.S.A. 59-2237 makes it mandatory for a petition for allowance of a demand against an estate to be set for hearing at the request of the personal representative or a creditor and that the demand either be allowed or disallowed by the court. In applying the statute, it is obvious to us that a proposed compromise settlement of a demand must either

be approved or disapproved by the district court at the hearing for determination of the demand in order for the demand to be either allowed or disallowed by the district court.

In approving or disapproving a proposed compromise settlement of a demand, a district court has a broad discretion. Before a compromise settlement is approved, however, the district court must find that the administrator or executor exercised the utmost good faith with honesty, fair dealing, and adequate information, and that the proposed compromise settlement is in the best interests of the estate. *In re Estate of Lohse,* 207 Kan. 36. If the district court in approving a compromise settlement of a demand makes the requisite findings, and the findings are supported by the evidence, the decision of the district court is binding upon creditors and heirs of the estate. After the compromise settlement has been approved, the district court should then enter judgment allowing or disallowing the demand either in whole or in part as required by K.S.A. 59-2237. When a final judgment has been entered in that manner, any aggrieved heir or creditor is afforded the right to an appeal. An heir has the right to appeal from the allowance of a demand. *Smith v. Smith,* 107 Kan. 628, 193 Pac. 317 (1920). In *Gift v. Lennen,* 113 Kan. 467, 218 Pac. 996 (1923), it was held that one who purchases land of the estate from heirs is entitled to appeal from an order allowing a demand against the estate. In *Sarbach,* the right of a *creditor* to appeal from the allowance of a demand against an estate was recognized.

With these established principles of law in mind, we turn to a resolution of the case before us. We have concluded that the district court had the power to approve the proposed compromise settlement of the trustee's demand for the three certificates of deposit over the opposition of certain heirs, provided the trial court made findings of fact and conclusions of law that the administrator had exercised the utmost good faith with honesty, fair dealing, and adequate information, and that the compromise settlement was in the best interests of the estate. Following the approval of the specific proposed compromise settlement, the trial court should then have proceeded to allow or disallow the demand either in whole or in part as required by K.S.A. 59-2237. At that point, a final judgment would have been entered from which an appeal could be taken by an aggrieved party.

We wish to emphasize that the objecting heirs had the right to

offer evidence in opposition to the proposed compromise settlement. They further had the right to appeal the allowance or disallowance of the demand based upon any approved compromise settlement. If the findings of the trial court are supported by the evidence and no showing is made of an abuse of discretion, the judgment of the district court is binding on the heirs and creditors of the estate and should be upheld on appeal.

The difficulty presented in this case is that the order of the district court was overly broad in scope as noted above. In its order, the district court granted to the administrator of the estate of Leon Stahl the authority "to negotiate in behalf of the estate and to accept in behalf of the estate *any* compromise settlement in relation to the inclusion of property within the inventory of the estate of Leon Stahl, deceased." (Emphasis supplied.) Such an order was beyond the authority of the district court. The district court should have held a hearing on the specific compromise settlement proposed and either approved or disapproved that compromise settlement. If it disapproved the compromise settlement, the trial court should have proceeded to determine the demand against the estate as contained in the petitions of the trustee and beneficiary. If the trial court approved the proposed compromise settlement, it then should have allowed the demand of the trustee and beneficiary in whole or part in accordance with the proposed settlement.

Under all the circumstances, we have concluded that the case must be reversed and remanded to the district court with directions to consider the petitions of the trustee and the trust beneficiary along with the proposed compromise settlement and then proceed to determine the rights of the parties in accordance with the legal principles and procedures set forth in this opinion.

The judgment of the district court is reversed and remanded.

HOLMES, J., dissenting: While I agree with much of what is said by the majority, I must respectfully dissent from the result reached in this case. The sole issue before the court below was the petition for approval of a compromise agreement entered into by the administrator and the trustee and beneficiary of the Leon Stahl inter vivos trust. Mr. Stahl entered into a trust agreement on April 29, 1975, wherein certain property was transferred to R. L. Goodyear, as trustee. Included in the assets specified in the agreement were three certificates of deposit with a face value of

$32,000.00. The administrator claimed the certificates as assets of the decedent's estate while the trustee maintained they were assets of the trust. The trustee filed a petition to strike the certificates from the inventory and appraisal filed by the administrator which was contested by the administrator and ten of the heirs of Leon Stahl.

The trustee's petition was originally set for hearing in the probate court and proper notice was given to all interested parties. All of the heirs-at-law of Leon Stahl, except Lillabelle Stahl, a niece, were represented by counsel. While Lillabelle received notice of all proceedings, she did not participate with the other heirs in contesting the petition of the trustee.

The original petition to strike the certificates from the inventory was heard by the probate court on July 28, 1976. A full hearing was held, after proper notice, with all parties except Lillabelle participating. After a decision adverse to the administrator and the heirs, an appeal was taken to the district court where again a full hearing was held with all contesting parties being present in person and/or represented by competent counsel. Following the hearing the matter was taken under advisement by the Hon. Robert F. Stadler, District Judge. While the matter was under advisement, the administrator and trustee reached a settlement and prepared a proposed "Compromise Settlement." The administrator then filed a petition with the district court asking that the proposed settlement be approved. Attached to the petition was a copy of the settlement agreement. A copy of the petition, agreement and notice of hearing was again served on all parties and their respective counsel. The petition specifically sought approval of the proposed settlement agreement attached as an exhibit and did not ask for anything else. Paragraph 6 of the administrator's petition reads:

"6.   That the administrator feels that it is in the best interest of the estate and the heirs thereof to accept said compromise offer, and asks this Court for an order authorizing and directing the administrator as the sole representative of the heirs, and the exclusive person having the authority on behalf of the heirs, to accept the said settlement."

On October 11, 1977, all parties interested again appeared in person or by counsel and the district court, after a full hearing, entered its order which is now the subject of this appeal. It may be conceded that the journal entry on that hearing was poorly

prepared and overly broad in its terms. However, the fact remains that the sole question before the trial court on October 11, 1977, was the petition to approve the specific compromise settlement agreement and nothing else. The compromise agreement subsequently signed by the parties was identical to the one attached to the petition filed with and heard by the trial court. The majority states "The district court should have held a hearing on the specific compromise settlement proposed and either approved or disapproved that compromise settlement." That is exactly what happened. The specific compromise settlement was the only issue before the court and the judge gave the administrator authority to proceed with settlement. He could only have been approving the specific settlement agreement which was the only issue before the court.

Leon Stahl died October 9, 1975. This estate has been pending for over three and one-half years and I do not believe it to be in the best interests of justice, the heirs, the estate or the trust, to extend these proceedings further due to the failure of the scrivener to be more specific in his drafting of the journal entry. The parties have had their day in court; in fact, they have had three days in court by way of three different hearings. The compromise of $10,000 to the estate when it was already faced with an adverse decision from the probate court would appear reasonable and evidently was so viewed by the district court when it approved the settlement.

In *Mann v. Tatge Chemical Co., Inc.,* 201 Kan. 326, 440 P.2d 640 (1968), we stated:

"We have examined the points raised by the cross-appeal, with respect to the court's findings, and though in some instances the language used by the court might have been more explicit, we find no error which could be said to affect a substantial right of the result of the litigation. Technical errors are to be disregarded, and error, in order to be grounds for reversal, must be such as to affect the substantial rights of the parties. (2A West's Kansas Digest, Appeal and Error, § 1027; 1 Hatcher's Kansas Digest [Rev. Ed.], Appeal and Error, § 509.) Such being the case we shall not burden this opinion with further discussion of those points." p. 339.

No substantial rights of the administrator and the heirs have been adversely affected by the proceedings in the trial court. This litigation should be brought to a close so that what is left of the estate and trust may inure to the benefit of the parties entitled thereto and should not be further delayed by a technicality of

pleading which failed to properly state what actually took place in the trial court.

While I am in general agreement with the basic principles of law set forth by the majority, I cannot concur that they must be applied to the facts in this case when the real issue in question has actually been determined by the trial court after proper notice and hearing. I further disagree with the broad statements contained in paragraphs 2 and 4 of the syllabi wherein the majority states that a compromise settlement can only be determined at the hearing on a demand and that after approval of a compromise the court must allow or disallow the demand. Compromises and settlements of contested claims have always been a favorite of the law and should be given serious consideration by the court at any stage of the proceedings. In addition, once a compromise settlement has been reached and approved, there is no reason for the court to allow or disallow the demand as the same has already been resolved by the parties and the court.

I would affirm the trial court's decision.

MILLER and McFARLAND, JJ., join the foregoing dissenting opinion.