No. 38,364

In the Matter of the Estate of Hazel Del Paronto, Deceased; C. A. Rupp, *Appellant,* v. Wilmer R. Shaffer, Administrator *de bonis non* of the Estate of Hazel Del Paronto, Deceased, *Appellee.*

(238 P. 2d 464)

Opinion filed December 8, 1951.

*Harold W. McCombs,* of Russell, was on the briefs for the appellant.

*Oscar Ostrum* of Russell, argued the cause, and *Dean G. Ostrum,* of Russell, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: This was a proceeding for final settlement by an administrator. The appeal is by claimant against the estate from an order directing the probate court to deny the claim.

The petition was filed on May 24, 1949, for final settlement and distribution. It stated the appointment of the administrator; that decedent died on April 2, 1946, and left as her only heir her young son; that the administrator had on hand $1,711.31 in cash, a diamond ring belonging to decedent, a government check for $59 payable to decedent, and $725 in United States bonds belonging to decedent.

The administrator prayed for an order approving the settlement and ordering the estate be ordered distributed and the administrator discharged.

On June 16, 1949, one Rupp filed an answer to the petition for final settlement in which he first denied that portion of the petition wherein it was alleged that the administrator had on hand a diamond ring belonging to the decedent. He further pleaded that the ring in question was loaned by him to the decedent; that no gift of it was ever made; that she never claimed it; it was never owned by

her in her lifetime and was not listed in the inventory of goods belonging to the estate and at no time had any person acting for the estate ever made any claim for it until the filing of the administrator's petition for final accounting on May 24, 1949.

On June 17, 1949, the administrator demurred to this answer on the ground that it failed to state facts sufficient to entitle the claimant to recover; the claim was not filed within nine months after the first publication of notice of appointment of the administrator and that it was barred by the statute of limitations. The probate court sustained this demurrer on June 25, 1949. Rupp in due time appealed to the district court. In district court the demurrer was overruled.

In due time the administrator filed his reply in which he denied the allegations of the answer. He renewed his demurrer on the ground that the claim was not filed within nine months of the first publication of notice.

The reply also alleged that Armstrong was appointed administrator on May 4, 1946, and on October 17, 1946, the first notice of his appointment was published and the statute for the filing of claims began to run; that on August 13, 1947, Shaffer was appointed administrator *de bonis non* and notice of his appointment was first published on August 14, 1947; that on September 4, 1947, Armstrong filed his administrator's final report alleging amongst other things that he had on hand as administrator a diamond ring, being the ring in dispute here, and on July 13, 1948, Armstrong made delivery of the ring to the present administrator.

The administrator prayed judgment denying Rupp's claim.

At the hearing Armstrong testified that he had the ring in his possession while acting as administrator; that it was not listed in the inventory and after he had been removed as administrator and Shaffer had been appointed he took a receipt from Shaffer, dated July 13, 1948, which receipt was as follows:

"I also acknowledge receipt of one diamond ring (approximately ½ carat) not shown upon the inventory in said estate, the owner of which has not yet been determined."

He then testified to some conversations he heard between other parties and decedent during her lifetime bearing on Rupp's ownership of the ring. On cross-examination he testified the ring came into his possession on the date the inventory was filed on November 4, 1946, and that he did not assume any right to open the safety deposit box until after his appointment as administrator and that

they found the ring in the box when they opened it. The administrator then testified out of order that he published notice of his appointment and on July 13, 1948, Armstrong delivered him the ring. He testified that when it was delivered to him he was informed that Rupp claimed to be the owner of it.

Another witness testified for the claimant as to conversations she heard between Rupp and decedent as to the title of the ring. She testified that after decedent's death she found the ring amongst decedent's effects at the undertaking parlors, where decedent's body had been brought after she was killed in an automobile wreck; that she was one of the appraisers of the estate and was present when the safety deposit box was opened and the ring was found.

It might be stated here, this record does not show how the ring got from the undertaker's place to the safety deposit box. The reasonable inference is as far as this record goes that she was wearing the ring at the time she was killed.

Another witness testified as to a conversation she heard between decedent and Rupp as to the ring belonging to Rupp.

Rupp testified that he loaned the ring to decedent at the time he was trying to sell her an automobile; that he still claimed to be the owner of it and never made a gift of it to anyone. He also testified that from the time he gave the ring to decedent until the administrator had filed his motion for final statement neither the administrator nor any other person had claimed the ring belonged to the estate.

The court denied the claim of Rupp because it was barred under the nonclaim statute.

Rupp's motion for a new trial was overruled and he has appealed.

He realizes the force of the nonclaim statute. (See G. S. 1949, 59-2239.) He argues he is not seeking to recover against anything belonging to the estate. His position is that the ring never became part of the assets of the estate since it was not listed in the inventory, as provided in G. S. 1949, 59-1201. He argues that the administrator never claimed the ring was part of the assets of the estate in conformance with G. S. 1949, 59-1203, and that since this was never done he had no knowledge that the estate was going to make a claim to the ownership of his property.

We cannot follow the argument of Rupp in this respect. There is ample evidence from which the court was justified in assuming that the ring was a part of the assets of decedent. The fact that the ring was found on decedent's finger amongst her personal ef-

.fects at the time of her death was enough to make it incumbent upon anyone who claimed the ring against the claim of her personal representative to make the claim within the time allowed under the nonclaim statute. The assertion of any right against the assets of a decedent constitutes a claim against the estate and must be filed within the provisions under the nonclaim statute. (See *Burns v. Drake,* 157 Kan. 367, 139 P. 2d 386; *In re Estate of Grindrod,* 158 Kan. 345, 148 P. 2d 278; *Malcolm v. Larson,* 158 Kan. 423, 148 P. 2d 291; *Gantz v.Bondurant,* 159 Kan. 389, 155 P. 2d 450; and *In re Estate of Pratt,* 164 Kan. 512, 190 P. 2d 872; and *Houdashelt v. Sweet,* 163 Kan. 97, 180 P. 2d 604.)

The judgment of the trial court is affirmed.