No. 47,862

In the Matter of the Estate of Clara A. Morgan, Deceased. REGINA E. TARWATER, *Appellant,* v. HERMAN F. MORGAN, Executor, *Appellee.*

(546 P. 2d 1394)

Opinion filed March 6, 1976.

*Charles F. Forsyth* and *Clark M. Fleming,* both of Erie, were on the brief for the appellant.

*Charles H. Apt* and *Frederick G. Apt, Jr.,* both of Iola, were on the brief for the appellee.

The opinion of the court was delivered by

FOTH, C.: This is a dispute between a brother and sister over their mother's estate, and especially over two bank accounts which stood in the joint names of mother and son.

The mother, Clara A. Morgan, died testate on December 9, 1972. In her will she divided her estate equally between her son, Herman F. Morgan, and her daughter, Regina E. Tarwater, and named Herman as her executor. When he filed his inventory on December 29, 1972, Herman listed one bank account in the amount of $446.00 which had stood in his mother's name alone, and two accounts totalling $6,669.13 which were designated as "Jointly Held . . . w/Herman F." On January 18, 1973, as executor he paid the net amount of the two joint accounts to himself individually and listed the payment in his final account filed a year later.

The sister, Mrs. Tarwater, objected to the accounting, alleging that the joint accounts should have been divided equally along with the rest of the estate. She also contended that the executor

should account for rent from a farm which he had leased to himself individually. The probate court approved the accounting and Mrs. Tarwater appealed. The district court made an adjustment not in issue here, but otherwise it likewise approved the accounting. Mrs. Tarwater has appealed to this court.

Turning to the joint accounts we first note that there is no dispute about their character as true joint tenancies. The signature cards contained agreements that the funds were owned "as joint tenants with right of survivorship, and not as tenants in common." See *Johnson v. Capitol Federal Savings & Loan Assoc.*, 215 Kan. 286, 524 P. 2d 1127, and cases cited therein. Mrs. Tarwater's claim to one-half of the accounts is based solely on Herman's action in including them in his executor's inventory.

She first claims that having inventoried the accounts he is "estopped" from claiming them as his own. As buttressing this claim she points to a letter Herman wrote her in March, 1973, in which he indicated that he might share the joint-account money with her, depending on her "actions and attitudes along the way." On this issue the trial court found:

"I further find that the evidence concerning the conduct of the executor is too ephemeral to constitute either an estoppel or a declaration of a trust for the benefit of petitioner. The most that can be said is that he told her what she did might make a difference in what he chose to share with her. This was not very honorable but it falls short of an estoppel, and there is no evidence that she acted to her detriment in reliance upon such statements."

In the face of this finding there can be no true estoppel. One who asserts an estoppel must show some change in position in reliance on the adversary's misleading statement. *Leroy Black Lumber Co., Inc. v. Bremen Farmers' Mut. Ins. Co.*, 216 Kan. 147, 530 P. 2d 1209; *Tri-State Hotel Co., Inc. v. Sphinx Investment Co., Inc.*, 212 Kan. 234, 510 P. 2d 1223; *Pelischek v. Voshell*, 181 Kan. 712, 717, 313 P. 2d 1105. The best Mrs. Tarwater could show was that her hopes were raised and later dashed. She took no action to her prejudice in reliance on any act or statement of Herman.

Neither can it be said that there was a fatal inconsistency in Herman's treatment of the accounts. They were clearly designated as joint property, and according to Herman were included in the inventory only because they were part of the taxable estate. The trial court found Herman's method of handling the accounts to have been "slipshod," but went on to say, "I cannot, however, find that he intentionally included the property in the estate, and I find against the petitioner on that issue."

This finding, supported as it is by substantial evidence, forecloses any claim that Herman intended a gift or to declare himself a trustee for his sister's benefit. Compare with *Wehking v. Wehking,* 213 Kan. 551, 516 P. 2d 1018, and *Winsor v. Powell,* 209 Kan. 292, 497 P. 2d 292, in each of which the surviving joint tenant had by word and deed manifested an unmistakable intention to hold the property as trustee.

The mere fact that the property was inventoried is not conclusive, of course. In *Oswald v. Weigel,* 215 Kan. 928, 529 P. 2d 117, we recognized that the inventory is only *prima facie* evidence of the contents of an estate. There, an executrix in possession of cattle under a bill of sale was held to have good title as against the estate despite her inclusion of the cattle in the estate inventory "for the ostensible reason this was good tax practice." (*Id.* at 933.) Further, since the property did not belong in the estate no action was required to take it out of the estate and the non-claim statute was inapplicable.

In summary, Mrs. Tarwater concedes the accounts were true joint tenancies. As such title to them passed to Herman upon Clara Morgan's death. We find nothing Herman did thereafter which had the legal effect of donating the money to the estate so as to entitle Mrs. Tarwater to share in it. The trial court therefore correctly rejected her contentions.

As to the farm lease, it covered the year beginning March 1, 1973, and called for $800 cash plus one-third of the crops. The record indicates that Herman sent a copy of the lease to his sister at the time it was executed. There is no contention that the cash rent was not paid or that the crops were not properly accounted for. Mrs. Tarwater's complaint is simply that the executor should not have rented the farm to himself, and that he might have gotten more rent from someone else.

The only evidence by either party on this subject was Herman's testimony that he paid the estate $200 more in cash rent than his mother had received for it when she was alive. On this basis the trial court found:

"The executor should not have rented property belonging to the estate to himself and he is chargeable with the best terms that he could have obtained for the estate independent of the contract which he made with himself. The evidence before me, however, discloses and compels the conclusion that he could not have obtained better terms from somebody else, and therefore I find against the petitioner on this issue."

We are compelled to agree with the trial court. In the absence of any evidence of a higher rental value there was simply no basis for surcharging the executor.

The judgment is supported by the evidence and is affirmed.

APPROVED BY THE COURT.