No. 47,932

IRMINA OSWALD, *Appellant,* v. LORENA WEIGEL and EDGAR M. WEIGEL, *Appellees.*

(549 P. 2d 568)

Opinion filed
May 8, 1976.

*Robert L. Earnest,* of Russell, argued the cause and was on the brief for the appellant.

*Simon Roth, Jr.,* of Hays, argued the cause and was on the brief for the appellees.

*Per Curiam:* This case appears before us a second time. Our opinion on the first appeal is reported in 215 Kan. 928, 529 P. 2d 117.

Irmina Oswald, the plaintiff, and Lorena Weigel, one of the defendants, are sisters. Irmina has sued her sister to recover a one-half interest in certain personal property formerly owned by their parents, Henry J. and Mary A. Hoff.

The Hoffs owned a farm which was operated by Mr. and Mrs. Weigel under an oral lease. Beginning in 1952 the Weigels occupied a small farm house adjacent to the Hoff residence. In 1954 Mr. and Mrs. Hoff executed a joint and mutual will giving the survivor a life estate in all their property and providing that upon the death of the survivor the personal property remaining was to pass to their two daughters.

In May, 1966, the Hoffs executed an agreement and bill of sale conveying certain personal property consisting of cattle, household and personal effects, metal arches, tools and scrap metal to the defendants, Mr. and Mrs. Weigel.

Henry Hoff died in 1967 at the age of 92 and his will was probated. The personal property described in the bill of sale was included in the inventory of his estate by the co-executrices, Irmina and Lorena.

Mary Hoff died in 1972, and the Weigels claimed the property named in the bill of sale as their own. The trial court held in favor of the Weigels, and the first appeal was thus spawned.

In our former opinion we ruled that a claimant in possession of tangible personal property under a bill of sale executed by a de-

cedent need not file claim for the property in the probate court administering the decedent's estate. We further held that the trial court correctly determined the Weigels were in possession of the cattle at the date of Mr. Hoff's death, but we returned the case with directions that a hearing be held as to who possessed the other personal property at the time of Hoff's decease.

Thereafter, the trial court conducted an evidentiary hearing and determined that the Weigels were in possession of all the personal property covered by the bill of sale at the time Mr. Hoff died.

In this, the second appeal, the sole question is whether the trial court's finding is supported by substantial competent evidence. In our judgment an affirmative answer is required.

The record discloses that although the household furnishings remained in the Hoff home, Mrs. Weigel had moved in with her parents in January, 1962, and lived there continuously, caring for them, until they died. A short time after Mrs. Hoff's death, Mr. Weigel and son Ben moved into the Hoff house and the Weigel family still lives there; all the Weigels took their meals in the Hoff house after Lorena moved there, and spent most of their waking hours there; that Mr. and Mrs. Hoff required constant care and attention and Mrs. Weigel used all the furnishings and household articles whenever and however she wanted to, but did not physically remove them because she and Irmina both knew she would inherit the home where it was located. Mr. Weigel testified they treated the property as their own and to have removed it would have required an additional building to house it, and would have handicapped everyone concerned.

It would be of little avail to discourse extensively on the attributes of possession which, generally speaking, may be said to be having control over a thing with the intent to have and to exercise such control (*State v. Neal*, 215 Kan. 737, 740, 529 P. 2d 114; *State v. Metz*, 107 Kan. 593, 596, 193 Pac. 177). Suffice it to say the circumstances surrounding the use and handling of the personal property were sufficient, in our judgment, to support the trial court's finding of possession (*State v. Phinis*, 199 Kan. 472, 481, 430 P. 2d 251). Hence, under our invariable rule, the judgment of the trial court must be affirmed (see 1 Hatcher's Kansas Digest, Revised Edition, Appeal and Error, Section 507).

IT IS SO ORDERED.

FROMME, J., dissenting. I renew my former dissent in the first

appeal of this case for I feel the case was incorrectly decided, and that error is now perpetuated in the foregoing memorandum opinion. (See *Oswald v. Weigel,* 215 Kan. 928, 934, 529 P. 2d 117.)

MILLER, J., joins in the foregoing dissent.